ROBERT DAVID BAKER, INC.
Robert David Baker, Esq. (87314)
80 South White Road
San Jose, CA 95127
Telephone: (408) 251-3400
Facsimile: (408) 251-3401
rbaker@rdblaw.net

Attorney for Plaintiffs
RODOLFO SOLORZANO; JOSE VELEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO SOLORZANO; JOSE VELEZ, and on behalf of themselves and those similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA DRIVERS; ANTONIO AGUILAR; MARISELA AGUILAR; AVIS RENT A CAR SYSTEM, LLC; THE HERTZ CORPORATION,<br><br>Defendant. | CASE NUMBER:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1.) Violation of FLSA, section 207 (overtime wages);<br>2.) Violation of FLSA, section 206 (minimum wage)<br>3.) Violation of California Labor Code § 510;<br>4.) Violation of Labor Code § 1194 (minimum wage);<br>5.) Violation of Labor Code §§ 226.7, 512 (meal and rest break)<br>6.) Violation of Labor Code § 201 (wages at termination)<br>7.) For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code §§ 17200, et seq. |

Plaintiffs Rodolfo Solorzano and Jose Velez, and on behalf of those similarly situated individuals allege as follows:

## JURISDICTION AND VENUE

This action is brought pursuant to 29 U.S.C. A. §§ 201, et seq., and this court has jurisdiction pursuant to 29 U.S.C.A. § 216(b) and the doctrines of pendent and supplemental jurisdiction pursuant. Pursuant to 29 U.S.C. A § 216(b), Plaintiffs bring this action on behalf of themselves and those similarly situated individuals (hereinafter "Plaintiffs").

1. Plaintiffs Rodolfo Solorzano and Jose Velez, are individuals who have their place of residence in the Northern District of California;

2. Defendants Avis Rent A Car System, LLC and the Hertz Corporation are California corporations, with their principal place of business in Santa Clara County, California. Plaintiffs are informed and believe that Antonio Aguilar and Marisela Aguilar are individuals, residing in Santa Clara, California, who are the principal and sole and controlling stockholders in Defendant MGA Drivers, a business form unknown. Plaintiffs are informed and believe that MGA Drivers is the alter ego of the Aguilar Defendants, and was formed, among other reasons, to defraud workers like Plaintiffs by erecting a corporate shield to protect the Aguilar's wrongful conduct. MGA Drivers is not properly capitalized to respond in damages to workers' wage complaints such as Plaintiffs herein. There was such a unity of interests between MGA Drivers and the Aguilar Defendants that it would be unfair and inequitable to honor the corporate shield in the instant case because the result would be to fraudulently deprive Plaintiffs in this action of money lawfully owing to them due to their earnest labors, and such a result would be unequitable. There is a unity of interest and ownership between MGA Drivers and the Aguilar Defendants such that the separate personalities of the corporation and the individual no longer exist, *inter*

*alia*, to wit: money and assets are comingled between the Aguilar Defendants and MGA Drivers; the formalities of the corporate structure are disregarded by the Aguilar Defendants; the Aguilar Defendants otherwise ignore the corporate separateness between themselves and MGA Drivers;

3. Plaintiffs are informed and believe that each employee, agent, or manager of Defendant personally participated, directed, authorized, and ratified the conduct set forth hereinafter. The conduct of these individuals was done in the course and scope of their agency and employment with Defendants;

4. Plaintiffs allege that Plaintiffs and those similarly situated individuals were subject to a plan, scheme and policy of MGA Drivers, Avis Rent A Car, and The Hertz Corporation to deprive them of their lawfully earned overtime compensation, and to knowingly misclassify Plaintiffs as independent contractors;

5. Defendants, and each of them, are joined employers of each Plaintiff because Plaintiffs are informed and believe that all the relevant facts will establish that each Defendant are not acting independently of each other with regard to each Plaintiff, and are not completely disassociated with respect to the employment of each Plaintiff, and that during the work week, each Plaintiff performs work for one or more Defendants. Plaintiffs are informed and believe that there was an arrangement between each Defendant to share each Plaintiffs' services, and each Defendant knowingly suffered or permitted each Plaintiff to work for them, and failed to prevent the work from occurring, pursuant to 29 C.F.R. § 791.2 and *Martinez v. Combs* (2010) 49 Cal. 4th 35, and its progeny.

## SUBSTANTIVE ALLEGATIONS

6. Plaintiffs Solorzano and Velez began working for Defendants more than four years prior to the filing of this complaint;

7. Plaintiffs performed duties that were non-exempt duties under both California and Federal law;

8. From on or after the date of their hire, Plaintiffs were required to work in excess of eight hours per day and/or forty hours per week without overtime compensation;

9. During all times relevant herein, Plaintiffs were denied meal breaks and rest breaks;

10. During all times relevant herein, Plaintiffs were not subject to an exemption from overtime or minimum wage compensation pursuant to California or Federal law;

11. Plaintiffs are informed and believe that depending on the hours worked for joint Defendant employers, they have worked below the federal or California minimum wage;

## FIRST CAUSE OF ACTION
(Violation of Fair Labor Standards Act – Overtime Compensation
29 U.S.C. § 207)

12. Plaintiffs incorporate those paragraphs 1 through 11, inclusive, as if fully set forth hereinafter;

13. At all times relevant herein, Plaintiffs were covered pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. A. § 201, *et seq.* ("FLSA"). Defendants were employers within the meaning of the 29 U.S.C.A. § 203(d);

14. 29 U.S.C.A. § 207 requires all covered employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by law;

15. Although Plaintiffs were not exempt from overtime compensation during their employment with Defendants, and although Defendants had full knowledge of their duty to pay overtime compensation to Plaintiffs, Defendants knowingly caused, suffered, and permitted Plaintiffs to regularly work in excess of forty hours per week without paying them overtime wages of one-and-one-half their regular rate of pay;

16. By not paying overtime wages in compliance with the FLSA, Defendants violated the rights of Plaintiffs under the FLSA;

17. As a direct and proximate cause of Defendants failure to pay overtime wages under the FLSA, Plaintiffs incurred compensatory damages in the form of lost overtime compensation;

18. Defendants, intentionally, and with reckless disregard of their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their overtime compensation, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to their lost overtime wages and minimum wage pursuant to 29 U.S.C. §216(b);

19. Plaintiffs have been compelled to retain an attorney to bring this action for relief and are entitled to an award of reasonable attorney fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs pray for judgment as set forth below;

**SECOND CAUSE OF ACTION**
(Violation of Fair Labor Standards Act – Minimum Wage
29 U.S.C. § 206)

20. Plaintiffs re-allege and incorporate those allegations of paragraphs 1 – 19, as if fully set forth herein;

21. Defendants are covered employers under the FLSA;

22. Plaintiffs are covered employees under the FLSA;

23. Plaintiffs are informed and believe that as a result of the overtime hours worked for the joint employer Defendants, and the actual wages paid Defendants failed to pay Plaintiffs the minimum wage set forth by 29 U.S.C.A. § 206;

24. By not paying the minimum wage in compliance with the FLSA, Defendants violated the rights of Plaintiffs under the FLSA.

25. As a direct and proximate cause of Defendants failure to pay minimum wage under the FLSA, Plaintiffs incurred compensatory damages in the form of lost compensation;

26. Defendants intentionally, and with reckless disregard for their responsibilities under the FLSA, without good cause, failed to pay Plaintiffs the prevailing federal minimum wage compensation, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to their lost minimum wages pursuant to 29 U.S.C. §216(b);

27. Plaintiffs have been compelled to retain an attorney to bring this action for relief and are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs pray for judgment as set forth below;

### THIRD CAUSE OF ACTION
(Violation of California Labor Code Sections 510- Non Payment of Overtime)

28. Plaintiffs re-allege and incorporate the allegations of paragraphs 1- 27 as if fully set forth herein;

29. During the last 3 years, Plaintiffs' employment was subject to California Labor Code Section 510, et. al, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which require

all covered employees to be paid overtime for work performed in excess of forty hours per week and eight hours per day, unless specifically exempted by the law;

30. At all times relevant herein, Plaintiffs regularly worked in excess of forty hours per week and/or in excess of eight hours per day. Plaintiffs were not paid the required overtime rate;

31. During the last 3 years, Defendants knowingly and willfully caused, suffered and permitted Plaintiffs to regularly work in excess of forty hours per week and/or eight hours per day without paying them the required overtime rate;

32. By not paying Plaintiffs overtime wages in compliance with California state law, Defendants violated Plaintiffs' rights under the law, specifically California Labor Code Section 510;

33. As a direct and proximate cause of Defendants failure to pay proper overtime wages under the California Labor Code and Wage Orders, Plaintiffs have incurred compensatory damages in the form of lost overtime compensation in amounts to be proven at trial;

34. Defendants were aware of the existence and requirements of the California Labor Code Section 510 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs the overtime compensation due them at the time their employment ended;

35. Plaintiffs have been compelled to retain an attorney for the purpose of redress of the Labor Code violations and is entitled to an award of attorneys fees and pre-judgment interest pursuant to California Labor Code Section 1194(a), and other applicable Code sections;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FOURTH CAUSE OF ACTION
(Violation of California Labor Code Sections 1194-
Non Payment of Minimum Wage)

36. Plaintiffs re-allege and incorporate the allegations of paragraphs 1- 35 as if fully set forth herein;

37. During the last 3 years, Plaintiffs employment was subject to California Labor Code Section 1194, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which require all covered employees to be paid a minimum hourly wage for work performed;

38. Plaintiffs are informed and believe that at all times relevant herein, when the hours worked for the joint employer Defendants, Plaintiffs were not paid the required minimum hourly wage rate;

39. During the last 3 years, Defendants knowingly caused, suffered and permitted Plaintiffs to perform regular work without paying them the required minimum hourly wage rate;

40. By not paying Plaintiffs the minimum wage in compliance with the state law, Defendants violated Plaintiffs rights under the law, specifically California Labor Code Section 1194;

41. As a direct and proximate cause of Defendants failure to pay the applicable minimum hourly wage under the California Labor Code and Wage Orders, Plaintiffs have incurred compensatory damages in the form of lost wage compensation in amounts to be proven at trial;

42. Defendants were aware of the existence and requirements of the California Labor Code Sections 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs the minimum hourly wage compensation due;

43. Plaintiffs have been required to retain an attorney for the purpose of redress of the Labor Code violations and are entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code Section 1194(a), and other applicable Labor Code sections;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### FIFTH CAUSE OF ACTION
(Meal and Rest Breaks
Labor Code §§ 226.7, 512)

44. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-43 as if fully stated herein;

45. At all times relevant herein, Plaintiffs employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission;

46. During the period three years prior to the filing of the complaint, Plaintiffs routinely worked more than eight hours per day and over forty hours per week, yet Defendants never offered Plaintiffs meal breaks nor allowed mandatory ten minute rest breaks, and compelled Plaintiffs to work through those meal and rest break periods;

47. By requiring Plaintiffs to work through the mandated meal and rest breaks, Defendants violated Plaintiff's rights under Labor Code Section 226.7;

48. As a direct and proximate cause of Defendants failure to provide the mandated meal and rest breaks under the California Labor Code and Wage Orders, Plaintiffs have

incurred compensatory damages in the form of lost meal and rest break premiums in amounts to be proven at trial;

49. Defendants were aware of the existence and requirements of California Labor Code Sections 226.7 and 512 and the Wage Orders, and Defendants willfully, knowingly, and intentionally failed to provide Plaintiffs with the mandatory meal and rest breaks;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### SIXTH CAUSE OF ACTION
(Failure to Pay Wages Upon Termination
Labor Code §§ 201, 202, 203)

50. Plaintiffs re-allege and incorporate those allegations of paragraphs 1-49, as if fully stated herein;

51. Defendants are subject to Labor Code Sections 201, 202, and 203, which provide that upon discharge layoff, or separation of an employee, the employer must make immediate payment of all wages owed within a reasonable amount of time not to exceed 72 hours;

52. Defendants failed to make immediate payment upon discharge;

53. By not paying Plaintiffs immediate terminating wages upon discharge, Defendants violated Plaintiffs' rights under Labor Code Section 201;

54. As a direct and proximate cause of Defendants failure to pay immediate compensation due under California Labor Code Section 201, Plaintiffs have incurred compensatory damages in the form of lost wages, in an amount to be proven at trial;

55. Defendants were aware of the existence of the requirement of immediate payment pursuant to California Labor Code Section 201, and willfully, knowingly, and

intentionally failed to pay Plaintiffs the immediate payment upon termination or layoff;

56. Plaintiffs have been required to retain an attorney for the purposes of redress of the Labor Code Violations set forth herein and are entitled to an award of attorney fees and pre-judgement interest pursuant to California Labor Code Section 1194(a), and other applicable Labor Code sections.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SEVENTH CAUSE OF ACTION
(For Restitution of Unpaid Overtime Wages
In Violation of California's Unfair Trade Practices Act
Business and Profession Code Sections 17200, et seq.)

57. Plaintiffs re-allege and incorporate those allegations of paragraphs 1-56, as if fully stated herein;

58. At all times relevant herein, Plaintiffs employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission and by the FLSA, which require all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law.  Pursuant to the California Labor Code and Applicable Wage Orders, Defendants were required to provide meal and rest breaks to its employees;

59. During 4 years prior to filing the complaint, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq.*). Defendants violated the Unfair Trade Practices Act, by inter alia, their failure to pay Plaintiffs overtime pay and provide meal and rest breaks; and pay a minimum wage;

60. During 4 years prior to filing the complaint, Defendants wrongfully obtained monies in the form of overtime and minimum wages and employee meal and rest break hours that inured to Plaintiffs. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by the California Labor Code and applicable California Wage Orders, in order to give Defendants a competitive advantage over businesses with whom Defendants are in competition with, and who were in compliance with California wage and hour laws;

61. As a direct and proximate cause of Defendants statutory violations, the rights of the Plaintiffs under the law were violated, causing them to incur compensatory damages in the form of unpaid and lost wages and premiums to which they are legally entitled;

62. Defendants were aware of the existence and requirements of the state and federal wage and hour laws, and willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay and provide meal and rest breaks. Plaintiffs herein seek restitution of such compensation pursuant to the Business and Professions Code §17203;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment against the Defendants and demand as follows:

1. Award Plaintiffs compensatory damages for unpaid overtime wages, minimum wages, meal and rest break premiums and other pecuniary losses in amounts to be proven at trial;

2. Award to Plaintiffs pre-judgment interest on the amounts due under the FLSA and the California Labor Code;

3. Award to Plaintiffs liquidated damages according to the FLSA;

4. Award to Plaintiffs restitution of unpaid overtime and minimum wage pay and meal and rest break premiums, <u>inter alia</u>, pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

5. Award to Plaintiffs compensation pursuant to Labor Code Section 201, for the failure of Defendants to make immediate payment of wages due on discharge or layoff;

6. Enter an order certifying this action as an FLSA collective class action based on the class of hourly employees who are entitled to overtime wages pursuant to 29 U.S.C. § 207;

7. Enter a permanent injunctive order against Defendants ensuring the compliance with California Labor Code and Wage Orders and the FLSA;

8. An order holding Defendants Antonio Aguilar and Marisela Aguilar liable for all damages incurred by Plaintiffs;

9. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and the FLSA;

10. Award Plaintiffs their costs of suit herein;

11. Grant such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES**

Dated: March 28, 2016

_____/S/_____
Robert David Baker, Esq.