UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RODOLFO SOLORZANO, JOSE VELEZ, JUAN FRAUSTO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MGA DRIVERS, et al.,<br><br>Defendants. | Case No. 5:16-cv-01529-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 22, 25 |

Rodolfo Solorzano, Jose Velez, and Juan Frausto (collectively "Plaintiffs") bring this putative class action suit against MGA Drivers; Antonio Aguilar; Marisela Aguilar; Avis Rent-A-Car System, LLC ("Avis"); and The Hertz Corporation ("Hertz"), (collectively, "Defendants"). Plaintiffs assert violations of the Fair Labor Standards Act ("FLSA") and other state claims related to Plaintiffs' allegations that Defendants failed to pay their employees overtime wages.

Presently before the Court is Defendant Avis' Motion to Dismiss, or in the Alternative, Motion to Strike. Avis Mot., Dkt. No. 22. Avis moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) for improper service[1] and 12(b)(6) for failure to state a claim upon which

---

[1] Notwithstanding Avis' continued argument that "service of process was insufficient [and] the complaint should be dismissed," Avis also represents that "without waiving its position that Plaintiffs' service of process was improper, in a good faith effort to conserve judicial resources and to avoid unnecessary delays in litigation, Avis agrees to accept service of the First Amended Complaint as of the date of the filing of this Reply." In light of this representation, the Court finds that Avis' Motion to Dismiss under Rule (12)(b)(5) is DENIED AS MOOT.

1

Case No.: 5:16-cv-01529-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

relief can be granted. Avis' Motion is joined in relevant part by Hertz.[2]  Dkt. No. 25. Plaintiffs do not oppose Avis' Motion to Dismiss under Rule 12(b)(6), but request that the court grant them leave to file a second amended complaint. Pl. Non-Opp'n at 2-3, Dkt. No. 28. Plaintiffs reiterate and incorporate their Non-Opposition in application to Defendant Hertz as well.  Dkt. No. 36. Avis opposes Plaintiffs' request for leave to amend.  Avis' Reply at 1-2, Dkt. No. 31.

Per Civil Local Rule 7-1(b), the court finds this matter suitable for decision without oral argument.  Accordingly, the hearing scheduled for September 1, 2016, is vacated.  The court grants Avis' Motion to Dismiss with leave to amend for the reasons explained herein.

## I. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

---

[2] The court construes Hertz' separately filed Notice of Motion and Motion to Dismiss as a Motion for Joinder, which is hereby GRANTED. Dkt. No. 25. The court's order as to Avis' Motion is therefore applicable to Hertz.

2
Case No.: 5:16-cv-01529-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

### B. Leave to Amend

In granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  Generally when a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)); Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment." ).

## II. DISCUSSION

Avis moves to dismiss Plaintiffs First Amended Complaint ("FAC") for failure to state a claim under Rule 12(b)(6).  Specifically, Avis contends that it "was never Plaintiffs' employer," and that Plaintiffs fail to plead facts as to "whether they are current or former employees, who issued their paychecks, who directed their work, or who set their work schedules."  Avis Mot. at 1.  Avis further points out that "Plaintiffs do not allege what hours they claim they were not correctly paid for, what work they claim they performed during that time, or any other facts on which they base any theory regarding why or how they were not paid for that time."  Id.  Nor do Plaintiffs "identify any single workweek in which they worked over 40 hours without receiving overtime pay or workweeks where they were paid less than the minimum wage."  Id.  In response, Plaintiffs do not oppose Avis' Motion, conceding that "some aspects" of their causes of action are "insufficient to state a claim upon which relief can be granted," but instead request they be granted leave to amend, which Avis opposes.  Pl. Non-Opp'n at 2-3; Avis' Reply at 1-2, Dkt. No. 31.

Based on a review of the pleadings, and in light of Plaintiffs' concession as to the insufficiency of the FAC, the court finds that dismissal of this action as plead is appropriate.  As to Plaintiffs' request for leave to amend, Avis argues that Plaintiffs' fail to explain how they would cure the existing deficiencies, correctly noting that Rule 15's generous view toward freely granting

3
Case No.: 5:16-cv-01529-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

leave to amend "does not release the moving party from its obligation to state the grounds for its motion for leave to amend 'with particularity.'" Id. (citing Waters v. Weyerhauser Mortgage Co., 582 F.2d 503, 507 (9th Cir. 1978)); see also Fed. R. Civ. P. 7(b); Fed. R. Civ. P. 15.

The court shares Avis' concern over the lack of explanation provided in Plaintiffs' request for leave to amend. Plaintiffs fail to specify how amendment in this case would cure the existing deficiencies in their pleadings, and the vague contention that the complaint lacks "simple facts which may be easily pleaded" is generally unconvincing. See Pl. Non-Opp'n at 3-4. Nevertheless, given that this case is still in its early stages, Defendants will not suffer any undue prejudice as a result of allowing Plaintiffs to amend their complaint. See AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (holding that a district court should not grant leave to amend where the amendment causes significant or undue prejudice to the opposing party); Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989) ("Prejudice is heightened when a Plaintiff seeks to amend a complaint late in litigation."). Accordingly, and in light of Rule 15's liberal policy in favor of granting leave to amend, the court will grant Plaintiffs request to file a second amended complaint. Fed. R. Civ. P. 15(a)(2) (The court should freely give leave when justice so requires."); see Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (holding that courts should generally permit leave to amend unless "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").

Because Defendants' Motion to Dismiss is granted, the court finds it unnecessary to address Defendants' alternative Motion to Strike at this time.

### III. ORDER

Based on the foregoing, Avis' Motion to Dismiss (Dkt. No. 22) is GRANTED. All claims in the Complaint are DISMISSED WITH LEAVE TO AMEND.

Any amended complaint must be filed on or before **September 16, 2016**. Plaintiffs are advised that, although leave to amend has been permitted, they may not add new claims or new parties to this action without first obtaining Defendants' consent or leave of court pursuant to

4
Case No.: 5:16-cv-01529-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

Federal Rule of Civil Procedure 15.  In addition, Plaintiffs are further advised that the court will dismiss this action without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is not filed by the deadline designated herein.

**IT IS SO ORDERED.**

Dated: August 29, 2016

_____
EDWARD J. DAVILA
United States District Judge