```
 1  Robert David Baker, Esq. (87314)
    ROBERT DAVID BAKER, INC.
 2  80 South White Road
    San Jose, CA  95127
 3  (408) 251-3400 telephone
    (408) 251-3401 facsimile
 4  rbaker@rdblaw.net
    Attorney for Plaintiffs
 5  RODOLFO SOLORZANO; JOSE VELEZ;
    ADOLFO BOJORQUEZ, on behalf of themselves
 6  and those similarly situated individuals,

 7
    Thomas Margain (193555)
 8  Huy Tran (288196)
    Justice at Work Law Group
 9  84 West Santa Clara Street, Suite 790
    San Jose, CA 95113
10  Telephone: (408) 317-1100
    Facsimile: (408) 351-0105
11  Tomas@JAWLawGroup.com
    Huy@JAWLawGroup.com
12  Attorney for Defendants
    ANTONIO AGUILAR and MARISELA AGUILAR
13
    Angela J. Rafoth (241966)
14  arafoth@littler.com
    Michael J. Hui (273212)
15  mhui@littler.com
    LITTLER MENDELSON, P.C.
16  333 Bush Street
    34th Floor
17  San Francisco, California 94104
    Telephone: (415) 433-1940
18  Facsimile: (415) 399-8490
    Attorneys for Defendant
19  AVIS RENT A CAR SYSTEM, LLC

20
    Reed L. Russell (Fla 0184860)
21  admitted pro hac vice
    reed.russell@phelps.com
22  Jolee Land (240940)
    Jolee.land@phelps.com
23  PHELPS DUNBAR, LLP
    100 Ashley Drive, Suite 1900
24  Tampa. Florida 33602
    Telephone: (813) 472-7550
25  Facsimile: (813) 472-7570

26

27

28
    (continued on next page)
```

Thomas P. Klein (148585)
tklein@sbcglobal.net
TKLEIN ASSOCIATES, INC.
One Kaiser Plaza, Suite 350
Oakland, CA 94612
Telephone: (510) 268-0020
Facsimile: (510) 268-0022
Attorneys for Defendant
THE HERTZ CORPORATION

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO SOLORZANO; JOSE VELEZ; ADOLFO BOJORQUEZ, and on behalf of themselves and those similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA DRIVERS; ANTONIO AGUILAR; MARISELA AGUILAR; AVIS RENT A CAR SYSTEM, LLC; THE HERTZ CORPORATION,<br><br>Defendants. | Case No. 5:16-cv-01529-EJD<br><br>NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA INDIVIDUAL SETTLEMENTS AND RELEASE OF CLAIMS AND DISMISSAL WITH PREJUDICE<br><br>Date:   TBD<br>Time:   TBD<br>Judge:  Hon. Edward J. Davila<br>Dept:   Courtroom No. 4, 5th Floor |

TO: HONORABLE EDWARD J. DAVILA:

PLEASE TAKE NOTICE that at a date and time set by the court, if necessary, Plaintiffs Rodolfo Solorzano, Jose Velez, and Adolfo Bojorquez ("Named Plaintiffs") and Defendants Antonio Aguilar, Marisela Aguilar dba MGA Drivers ("collectively, "MGA Drivers"), Avis Rent A Car System, LLC, The Hertz Corporation (collectively, "Defendants"), jointly move this Court

for approval of the individual settlement agreements in this action (the "Agreement") between the Named Plaintiffs and Defendants and entry of an order of dismissal with prejudice of Named Plaintiffs' claims, including those under the Fair Labor Standards Act.[1] Plaintiffs and Defendants (collectively, the "Parties") have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a fair and reasonable compromise of the claims asserted in this matter. The Court's approval of the settlement will consummate the Agreement between the Parties. The grounds for this joint motion are set forth in the following memorandum of law and supporting declarations.

This motion is based upon this Joint Motion and Notice of Motion, the following Point and Authorities, the Declaration of Robert David Baker, and on the individual settlement agreements in this matter to be provided to the court for *in camera* review as directed by the court, and all other documents and records on file in the above-entitled matter.

Dated: January 25, 2018

/S/
Robert David Baker, Esq.
Attorney for Plaintiffs
Rodolfo Solorzano, Jose Velez
and Adolfo Bojorquez

Dated: January 25, 2018

/S/
Thomas Margain
Attorney for Defendants Antonio Aguilar
and Marisela Aguilar

Dated: January 25, 2018

/S/
Angela Rafoth
Attorney for Defendant
Avis Rent A Car System, LLC

Dated: January 25, 2018

/S/
Reed L. Russell
Attorney for Defendants
The Hertz Corporation

---

[1] Contemporaneously with this motion, the Parties have filed a "Joint Motion to Submit Settlement Agreement to the Court for In Camera Review," in which the Parties request that the Court review the settlement agreements entered into by Plaintiffs with Defendants in this action in camera so that they may remain confidential without becoming public records in the court file.

# MEMORANDUM OF LAW

## A. BACKGROUND

### 1. Statement of the Case

On March 28, 2016, Plaintiffs Rodolfo Solorzano and Jose Velez filed this action against Defendants in which they allege, *inter alia*, that Defendants violated 29 U.S.C. 201, et seq. of the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs minimum wages and overtime during their employment with Defendants. Adolfo Bojorquez joined this action and filed the First Amended Complaint. Defendant Avis filed a Motion to Dismiss the First Amended Complaint under Rules 12(b)(5) and 12(b)(6), to which Defendant Hertz joined. *See* Dkt. 22, 25. The Court granted said motion and dismissed all claims with leave to amend. *See* Dkt. 45. On September 16, 2016, Plaintiffs filed a Second Amended Complaint, to which the Parties answered. *See* Dkt. 46.

On June 2, 2017, Named Plaintiffs filed a Notice of Non-Filing of Motion to Certify FLSA Collective Action based on a recent Department of Labor settlement that eliminated the need for and practicality of a collective action. *See* Dkt. 58. Thus, there are little to no Opt-In Plaintiffs.

### 2. Statement of Facts

Named Plaintiffs allege, on behalf of themselves and others similarly situated, who worked as drivers for Defendant MGA Drivers, that they were misclassified as independent contractors by Defendant MGA Drivers. Named Plaintiffs allege a joint employer relationship between Defendant MGA Drivers and Defendants Avis and Hertz. As a result, Named Plaintiffs claim that Defendants purported failure to pay overtime and minimum wage violated the FLSA. Further, in their individual capacities, Named Plaintiffs make claims under California law for

failure to pay overtime, failure to pay minimum wage, failure to provide meals and rest breaks (including meal and rest break premiums), failure to pay final wages, and unfair competition. Named Plaintiffs do not seek to certify a class under Rule 23 for the alleged violations of the California Labor Code.

### 3. Investigation and Discovery

Counsel for the Parties have conducted thorough investigation into the facts of this litigation, including review of relevant documents and interviews with relevant witnesses. Further, the Parties have conducted sufficient discovery, including propounding and responding to multiple sets of written discovery requests and taking the depositions of Named Plaintiffs over the course of multiple days.

### 4. Settlement and Negotiations

The Parties attended a settlement conference on October 5, 2017, before the Honorable Nathanael Cousins and eventually reached a settlement involving Named Plaintiffs and Defendants. Named Plaintiffs and Defendants have resolved all the claims by Plaintiffs in this action. The Parties now file this Joint Motion for Approval of the individual settlements, and dismissal of their claims, including those brought under the FLSA, with prejudice.

## B.  **LEGAL PRINCIPLES**

Judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees

against their employer under section 216(b) to recover back wages for FLSA violations. ***When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.***

*Id.* at 1352-53 (emphasis supplied).

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn*, 679 F.2d at 1354-55. In determining whether the proposed settlement is a fair and reasonable resolution of the claim, the District Court generally reviews the settlement using the factors adopted for reviewing the fairness of class action settlements generally. *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). These factors include: (1) the existence of fraud or collusion; (2) the stage of the proceedings and the amount of discovery completed; (3) the complexity, expense and likely duration of the litigation; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Id.* If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn*, 679 F.2d at 1354. There is a "strong presumption" that an FLSA settlement reached as part of the settlement of a lawsuit is fair, reasonable and adequate under these factors. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (in reviewing the settlement of a FLSA claim, "the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair").

//

//

## C. THE SETTLEMENT IS FAIR AND REASONABLE

### 1. Settlement was Reached in an Adversarial Context.

The settlement in the instant action occurred in adversarial context of a private lawsuit before the Honorable Nathanael Cousins.

### 2. There Are Issues of FLSA Coverage In Dispute.

Named Plaintiffs allege Defendants improperly classified them as independent contractors and violated federal law governing the payment of minimum wage and overtime. However, Defendant MGA contends that Plaintiffs were properly classified, and even to the extent they were not, no violation occurred. Defendants Avis and Hertz contend that no joint employer relationship exists giving rise to liability and, in addition, no violation of law occurred. Thus, there exists an actual dispute between the Parties whether the FLSA is a viable claim in this Action.

### 3. The Settlements Are Fair, Reasonable, and Adequate.

The Parties have reached these individual settlements only after conducting thorough discovery and non-collusive, arm's length negotiations. The Honorable Nathanael Cousins conducted the settlement conference and facilitated the settlement negotiation. Further, the settlements are fair and reasonable, given the settlement of the Department of Labor action against MGA Drivers. Little to no Opt-In Plaintiffs remain as most have been "settled" out with the Department of Labor settlement, which has effectively preempted any FLSA collective action contemplated by this lawsuit. See **Baker Decl.** ¶ 7. Based on the foregoing, the Parties acknowledge that conditional certification is inappropriate.

MGA Drivers, for all intents and purposes, is insolvent. **Baker Declaration** ¶ 8. With respect to Avis Rent A Car System LLC and The Hertz Corporation, Named Plaintiffs

acknowledge the risk of pursuing the matter against those defendants and losing on a motion for summary judgment, leaving an insolvent defendant, makes settlement with Avis Rent A Car System LLC and The Hertz Corporation reasonable at this time given the difficulty of proving "joint liability."

There has been no collusion with the Named Plaintiffs or their counsel with those similarly situated that would prejudice any potential opt-in member of the FLSA collective action. Lack of adequate notice to the potential class members is not an issue because this is an opt-in collective action at the pre-certification stage, and any potential class members that have not settled under the Department of Labor settlement are still free to proceed against MGA Drivers, Avis Rent A Car System LLC, or The Hertz Corporation. Finally, there have been no communications between the Named Plaintiffs or their counsel and any potential class member that would cause those class members to rely on joining in the instant action.

## CONCLUSION

For the foregoing reasons, the Parties request that the Court approve the proposed Agreement and enter an Order dismissing this action with prejudice.

//

//

Respectfully submitted,

Dated: January 25, 2018                             Dated: January 25, 2018

_____/S/_____                                       _____/S/_____
Robert David Baker, Esq.                            Thomas Margain
Attorney for Plaintiffs                             Attorney for Defendants Antonio Aguilar
Rodolfo Solorzano, Jose Velez                       and Marisela Aguilar
and Adolfo Bojorquez

Dated: January 25, 2018

/S/
Angela Rafoth
Attorney for Defendant
Avis Rent A Car System, LLC

Dated: January 25, 2018

/S/
Reed L. Russell
Attorney for Defendants
The Hertz Corporation

## ATTESTATION

### Attestation – Local Rule 5-1(i)(3)

I, ROBERT DAVID BAKER, attest pursuant to Northern District Local Rule 5-1(i)(3) that all other signatures to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 25, 2018

/S/
Robert David Baker, Esq.